NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—August, 1886.

MATTER OF CANT.

*In the matter of the estate of* DAVID CANT, *deceased.*

In the absence of specific and express testamentary direction, allowing a
  trustee to invest trust funds upon personal security, such investment
  is improper, and, if made at all, is at the peril of the trustee to respond
  in case of loss.
The will of testator directed the executor to invest the funds that might
  come to his hands " in such suitable manner as may be for the best
  interests of my estate, to be determined by my said executor."—
*Held,* that this language could not be construed as conferring discretion-
  ary authority to invest in unsecured promissory notes.
King v. Talbot, 40 *N. Y.*, 76—compared.

HEARING of exceptions to report of referee, to whom
were referred the account, and objections thereto, of
the executor of decedent's will, in proceedings for
judicial settlement.

BYRON W. COHEN, *for executor.*

JESSE S. NELSON, *for objectors.*

WILLIAM B. DALL, *special guardian.*

THE SURROGATE.—The referee to whom this execu-
tor's account and the objections thereto were lately
submitted has filed a report, to the confirmation of
which certain exceptions have been interposed in
behalf of the various parties to the controversy. One
of these exceptions presents the question, whether a
loan of about $6,000, made by the executor from the
funds of the estate to Groht & McLaren, a firm of
commission merchants in this city, upon no other secu-

rity than their promissory notes, was, as the referee has pronounced it, a legal and proper investment.

This loan was made in May, 1883, and the Groht & McLaren notes were, from time to time, renewed until, in July, 1884, the firm became insolvent and the notes worthless. Now, it is insisted by counsel for the contestants, and is indeed conceded by his adversary, that unless this executor was vested by his testator's will with extraordinary authority in the choice of investments, the loan here in question was unauthorized, and the loss occasioned by the failure of Groht & McLaren must be borne by the accounting party alone. The doctrine that, except under special circumstances, an executor has no right to risk, upon mere personal security, funds that his testator has entrusted to his management, and that an investment upon such security constitutes a breach of trust for which the executor is personally chargeable, is as well settled as any in the whole range of equity jurisprudence (Perry on Trusts, 3d ed., §§ 453, 460 ; Hill on Trustees, 378, 370 ; Holmes v. Dring, 2 *Cox*, 1; Bogart v. Van Velsor, 4 *Edw. Ch.*, 719 ; Le Fevre v. Hasbrouck, 2 *Dem.*, 567 ; Mills v. Hoffman, 26 *Hun*, 594 ; Judd v. Warner, 2 *Dem.*, 104).

But it is insisted that, by the will of this testator, his executor is given absolute discretion and authority in the choice of investments, and the referee has so found.

The will directs that the executor shall invest the funds that may come to his hands, "in such suitable manner as may be for the best interests of my estate, to be determined by my said executor." How can

this language be fairly construed as giving any broader discretionary authority than was conferred upon the executors of Mr. King, whose will was under consideration in King v. Talbot (40 *N. Y.*, 76). That testator gave his estate to his executors " entrusting to their discretion its investment for the benefit of my heirs." It was held by the Court of Appeals that the ordinary power of executors in selecting investments for estate funds was not in the least enlarged by the language quoted.

The referee in the case at bar lays special stress upon the word " determined " which is employed by the testator in his direction touching investments; but the testator uses another word not inferior in importance, and that is the word " suitable." It is true that the executors are to *determine* what forms of investments may be for the best interests of the testator's estate, but the investments are, nevertheless, to be made in a *suitable* manner. In Wilkes v. Stewart (*G. Cooper's Rep.*, 6) executors were directed by their testator's will to lay out a legacy in public funds, " or in such other good security as they can procure and think safe." The selection of personal security was condemned, by Sir WM. GRANT, M. R., as not being authorized by the will.

In Pocock v. Reddington (5 *Ves.*, 794) an investment upon personal security was held indefensible where executors were directed to convert the estate entrusted to their care " into ready money, and place the same out at interest in their discretion."

In Adair v. Brimmer (74 *N. Y.*, 539) executors were directed by their testator's will to invest the

proceeds of the estate in "lands, buildings, bonds and mortgages, or in such other securities as they shall deem safe and for the greatest benefit of my daughters." This was certainly very broad language, but not broad enough, it was held, to authorize the executors to make investments in mortgage bonds of a coal mining company.

The authorities above cited fairly support the proposition, that, in the absence of specific express directions allowing a trustee to invest trust funds upon personal security, such investment is improper, and if made at all is made at the peril of the trustee to respond in case of loss, as the Vice Chancellor said in Bogart v. Van Velsor (*supra*): "Good faith and honest intentions will not protect men in the performance of a trust, when they depart from prudential rules which the experience of others in similar transactions has approved as the only safe guides."

The contestant's exceptions as regards the Groht & McLaren loans must be sustained.