## *In re* WOLFE'S ESTATE.

*(Surrogate's Court, New York County.   July 6, 1888.)*

**1. EXECUTORS AND ADMINISTRATORS—LIABILITIES—INVESTMENT.**
A will, after authorizing the executors as trustees to sell and invest the personal property of the testator in bonds and mortgages, or improved real estate, provided: "But in case my said executors shall deem it advisable to hold any or all the personal estate whereof I die possessed in the manner and form in which the same may at that time be invested, I hereby authorize them so to hold the same." *Held*, that the trustees could not be held liable for losses resulting from leaving the testator's investments unchanged.

**2. SAME—ACCOUNTING—OBJECTIONS.**
An objection to the trustees' account, that the decree should provide for the quarterly payment to the objector of the interest payable to her under the will, is more properly a matter for disposition upon the settlement of the decree.

Hearing on objections filed by Alice G. Wolfe to the account of Samuel D. Babcock and another, as sole surviving trustees under the will of Joel Wolfe, deceased.

*Henry H. Himmelman*, for trustees.   *Henry W. Clark*, for objector.

RANSOM, Surr.   This is the judicial settlement of the voluntary account of Samuel D. Babcock and Joel Burke Wolfe, as sole surviving trustees of decedent.   Objections to the account were filed June 21, 1888, by Alice G. Wolfe, who, under the will, is entitled to one-eighth of the residuum.   The first objection is that certain investments made by the trustees are illegal, and that they (the trustees) should be held liable for all losses occurring by reason of any of the stocks invested in selling for lower prices than their inventoried value.   The second objection is that the trustees should be held liable for all losses incurred on sales heretofore made by them of certain securities.   And the third objection is that the decree should provide for the quarterly payment to the objector of the interest properly payable to her.   The seventh clause of the will provides as follows:  "I hereby authorize and empower my executors to sell, whenever they may deem it advisable, any or all of my personal estate, and, in their discretion, to invest the same, or any part thereof, in bonds and mortgages, or improved real estate in the city of New York, or in the purchase of improved real estate therein, in their names as trustees under this my last will and testament, or to use the same or any part thereof in the improvement of any real estate which I may die seized and possessed of; but, in case my said executors shall deem it advisable to hold any or all the personal estate whereof I may die possessed in the manner and form in which the same may at that time be invested, I hereby authorize them so to hold the same, anything herein contained to the contrary notwithstanding.   And I also authorize and empower my said executors to rent, lease, or improve any part of my estate; it being my intent and purpose that my personal estate shall be converted into real estate if it can be advantageously done."   In view of the express language of this clause, that the trustees are empowered to hold any or all of the personal estate of testator in the manner and form in which the same may, at the time of his death, be invested, there is no doubt but that the first objection to the account must be overruled.   *In re Cant*, 5 Dem. Sur., 269.   The second objection cannot be passed upon on the papers now before me.   There is no proof of the essential facts and circumstances of the sale.   A reference may be necessary on this point.   The third objection is more properly a matter for disposition upon the settlement of the decree.